IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-17 (1) |
| | § | |
| RAYMOND ALPHONSO DALEY, | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is a *pro se* letter motion filed by Defendant Raymond Alphonso Daley ("Daley"), which properly has been docketed as a motion to reduce sentence. (D.E. 69.) In it, Daley asks for a reduction in his sentence and to be released from prison. (D.E. 69 at 2.) He explains that not only does he have AIDS, but that since being incarcerated, he has "developed high cholesterol, diabetes, neuropathy in his feet, and [he has] lost all but seven of [his] teeth." (D.E. 69 at 2.) He also states that he has seen the error of his ways, and that he wants to spend the last years of his life with his grandchildren, instead of in prison. (D.E.69 at 2.)

Although Daley does not identify a statute pursuant to which he seeks relief, the Court construes his motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v.

Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Daley's grounds for relief do not fall within any of the categories above. His claims of ill health would entitle him to relief under Section 3582(c)(1)(A)(i) only if the BOP filed a motion with the Court requesting the reduction and the Court found that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). To date, however, no such motion has been filed by the BOP on behalf of Daley.

Moreover, the BOP's policy on "compassionate releases" appears to be that the BOP will move for a reduction in sentence under § 3582 only if a prisoner is suffering from a serious medical condition that is generally terminal, with a determinate life expectancy. In Williams v. Van Buren, 117 Fed. Appx. 985 (5th Cir. Dec. 20, 2004), for example, the BOP informed the court in Williams that it generally restricts the application of § 3582(c)(1)(A)(i) to inmates diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them

2

unable to provide self-care. In that case, a prisoner with cancer in remission did not satisfy the BOP's criteria and so the BOP refused to move for her early release. The Fifth Circuit affirmed the district court's denial of the prisoner's § 2241 claim, which challenged both the BOP's failure to move for her release, and the rule pursuant to which it did so. Williams, 117 Fed. Appx. 985; see also United States v. Guerrero, 155 Fed. Appx. 757 (Feb. 15, 2006) (district court properly denied a federal prisoner's motion for reduced sentence under 18 U.S.C. § 3582(C)(1)(A)(i) where the prisoner alleged he had a heart condition, but did not allege that he had an illness from which he would die within a year or a medical condition rendering him unable to provide self-care).

Unless Daley's medical condition qualifies under the BOP's criteria, a fact which Daley has not alleged, it is unlikely the BOP will move for his early release. In any event, absent such a motion from the BOP, the Court lacks authority to reduce his term of imprisonment.

## CONCLUSION

For the foregoing reasons, Daley's motion for a reduction in sentence or for early release (D.E. 69) is DENIED.

It is so ORDERED this 6th day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE